UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DALE BURDEN.

    Plaintiff,

vs.                                               No. 2:12-cv-00461-JEC-LAM

WALTER MEIR (MANUFACTRUING),
INC.,

    Defendant

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on July 19, 2012 and was attended by:

John Chapman for Plaintiff(s)

Jill Berry and Joshua Lee for Defendant(s)

## NATURE OF THE CASE

This is a product liability action in which Plaintiff alleges that he was injured while using a table saw that was designed, manufactured, and sold by Defendant and that was defectively designed due to the fact that it lacked certain safety features, specifically, a riving knife and SawStop technology.  Defendant expressly denies Plaintiff's allegations.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff does not intend to amend his pleadings at this time.

Plaintiff(s) should be allowed until March 1, 2013 to move to amend the pleadings to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

1

Defendant does not intend to amend his pleadings at this time.

Defendants(s) should be allowed until April 1, 2013 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## PLAINTIFF'S CONTENTIONS:

(1) This suit arises out of the serious and permanent personal injuries suffered by Plaintiff due to the wrongful conduct of Defendant in designing, manufacturing, distributing and selling a Jet brand table saw, Model JWTS-10CW2-LFR, Serial number 0608520933400 (the "Jet Saw").

(2) On March 22, 2010, while using the Jet Saw in the reasonable, foreseeable and intended manner, Plaintiff suffered severe and permanent personal injuries causes by contact between his fingers and the saw's rotating blade. At the time of his injury, Plaintiff was acting reasonably and was exercising all due care for his own safety. Plaintiff's injuries were caused by the defects in the Jet Saw identified below.

(3) Defendant was the designer, manufacturer, tester, supplier, seller and/or distributor of the Jet Saw.

(4) The Jet Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Jet Saw is extremely difficult to use and must be removed for a user to make certain cuts with the saw. Once removed, it is extremely difficult to reattach the blade guard. Thus, it is common practice for users of the Jet Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine while using the table saw. This widespread practice was well know by Defendant, yet Defendant made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

(5) The Jet Saw also comes with a splitter or spreader attached to the guard that is designed to prevent kickbacks while cutting. A kickback is often the result of the saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at high velocity into the user, causing the user's hands or fingers to be land on or be pulled into the spinning blade of the saw and leading to catastrophic and permanent injuries. Kickbacks are a common and well-recognized phenomenon of which Defendant had actual knowledge at the time the Jet Saw was designed, manufactured, distributed and sold.

(6) Defendant's choice of a splitter or spreader design for preventing kickback rendered the Jet Saw unreasonably dangerous as designed and manufactured.

(7) The Jet Saw used by Plaintiff did not have a riving knife. Had Defendant used this safer alternative design on the Jet Saw, Plaintiff would not have been injured or

2

his injuries would have been substantially reduced. Because it lacked a riving knife, the Jet Saw was unreasonably dangerous as designed and manufactured.

(8) Several years before the Jet Saw was sold to Plaintiff, Defendant was made aware of flesh-sensing technology that stops a spinning table saw blade almost instantly upon contact with human skin. Stephen Gass, the inventor of the SawStop technology, offered to make the technology available to Defendant and others through a licensing agreement. The technology was feasible for incorporation into the Jet Saw.

(9) Defendant and other table saw manufacturers failed to pursue a license of the available SawStop technology or to incorporate similar technology into the Jet Saw. As a result, the Jet Saw had no flesh-detecting technology or other similar technology that would stop a spinning saw blade upon contact with human skin. Because it lacked such technology, the Jet Saw was unreasonably dangerous as designed and manufactured.

(10) The Jet Saw was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by the Defendant and at the time it left Defendant' possession in at least the following ways:

  (a) The Jet Saw failed to have adequate safety features which would have prevented the operator from contacting the rotating saw blade;
  (b) The Jet Saw failed to have a blade guard which would not move and uncover the saw blade;

  (c) The Jet Saw failed to incorporate a blade guard which would prevent the saw from operating once the guard was removed;

  (d) The Jet Saw failed to provide a safety feature which would stop the revolving blade once it came into contact with the operator;

  (e) The Jet Saw failed to incorporate a riving knife;

  (f) The Jet Saw failed to incorporate flesh detection technology;

  (g) Defendants failed to provide adequate warnings and directions as to the proper and safe use of the saw and the severity and frequency of the hazards when the saw was properly used.

(11) Defendant is liable to Plaintiff for strict product liability, negligence, and breach of warranty.

(12) The wrongful acts of Defendant set forth above were a legal cause of Plaintiff's injuries and damages. Plaintiff seeks all actual damages available under New Mexico

3

law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; and (c) damages for loss of Plaintiff's ability to engage in usual and normal activities

## **DEFENDANT'S CONTENTIONS**

(1)   Defendant denies each of Plaintiff's contentions, and denies that the it is liable for any of Plaintiff's alleged injuries.

(2)   Plaintiff has failed to state a claim on which relief can be granted.

(3)   The injuries, damages or losses, if any, sustained by Plaintiff were a direct and proximate result of the negligence of third parties, over which or whom Walter Meier had no control or legal connection.

(4)   The injuries, damages or losses, if any, sustained by Plaintiff were directly and proximately caused by Plaintiff's own negligence and comparative fault.

(5)   All or part of the injuries, damages, or losses, if any, sustained by Plaintiff were caused by the misuse of the product, which misuse was not reasonably foreseeable.

(6)   Plaintiff assumed the risk of the alleged injuries and damages.

(7)   Actions of other persons constitute intervening, superseding causes of the injuries, damages or losses, if any, sustained by Plaintiff.

(8)   Other actions or circumstances are intervening, superseding causes of any injuries or damages alleged by Plaintiff.

(9)   There is no proximate cause between any alleged act, omission, breach of duty or breach of warranty and Plaintiff's alleged damages, injuries or losses.

(10)    Plaintiff's late notice of breach of warranty to the Defendant has prejudiced the Defendant, wherefore Plaintiff may not now recover.

(11)    Even if the subject product were defective, which Walter Meier specifically denies, Plaintiff is barred from recovery because he was aware of the alleged defect and nonetheless proceeded voluntarily and unreasonably to encounter a known danger.

(12)    Plaintiff's claims are limited, in whole or in part, by his failure to act reasonably to mitigate his alleged damages.

(13)    If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art.

(14)    If the Plaintiff is entitled to an award of damages from Walter Meier, then Walter Meier is entitled to a setoff for any amounts received by the Plaintiff from others in satisfaction of his claim for his alleged injuries.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."**

Dale Burden
c/o Heygood, Orr & Pearson
2331 W. Northwest Highway, 2nd Floor
Dallas, TX 75220
Plaintiff.  Dale Burden is expected to testify regarding the purchase of the saw, his use of the saw, the incident in question, and his injuries and damages sustained as a result of the incident in question.

Marcia Burden
c/o Heygood, Orr & Pearson
2331 W. Northwest Highway, 2nd Floor
Dallas, TX 75220
Plaintiff's spouse.  Marcia Burden is expected to testify regarding the incident in question and her husband's injuries and damages sustained as a result of the incident in question.

James Nappi, MD
Hand and Microsurgery Associates, Inc.
3400 Olentangy River Road, Suite 200

5

Columbus, OH 43202-4502
(614) 262-4263
Surgeon.  James Nappi, M.D. is expected to testify regarding the injuries sustained by Dale Burden and the treatment and prognosis of said injuries.

Barry Schwaiger
c/o Joshua D. Lee
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Employee of Walter Meier (Manufacturing) Inc.  Mr. Schwaiger is expected to testify regarding the product allegedly at issue in this case.

Defendant expects that it may call additional witnesses, but cannot identify those witnesses until Plaintiff's allegations are more fully developed.

**List all documents which you believe, at this time, will be exhibits at the trial.**

Exhibits:
Photographs of Jet table saw;
Photographs of Dale Burden's hand;
Medical and billing records from Lima Memorial Hospital;
Medical and billing records from Riverside Methodist Hospital;
Medical and billing records from Upper Arlington Surgery Center;
Medical and billing records from James Nappi, M.D.;
Billing records from LMH Emergency Medicine Association;
Billing records from Midwest Physician Anesthesia Services, Inc.
Manual, warnings and instructions for the subject saw.

**List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony**.

Plaintiff has not retained any experts that this time but anticipates designating experts in accordance with the court's scheduling order and the Federal Rules of Civil Procedure.

Defendant has not retained any experts that this time but anticipates designating experts in accordance with the court's scheduling order and the Federal Rules of Civil Procedure.

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

Plaintiff anticipates seeking ESI through 2000 because Plaintiff believes Defendants first became aware of SawStop technology and began engaging in negotiations with the inventor of

SawStop around this time.  Topics of ESI that Plaintiff will likely seek include, without limitation, communications and e-mails on (1) the licensing of SawStop; (2) Defendant's own attempts to develop flesh detection technology; (3) any decision by Defendants to incorporate riving knives; (4) regulations and/or proposed rulemaking by the Consumer Safety Protection Commission ("CSPC") concerning the flesh detection technology and riving knives; (5) involvement of the Power Tool Institute ("PTI") in developing flesh detection technology and/or riving knives; (6) the sixth and seventh edition of UL 987 and the adequacy of its requirements; (7) customer complaints about the table saw that is the subject of this litigation; (8) the modular blade guard introduced in 2007 by a joint venture of tables saw manufacturers;   (9) the joint venture formed by various tool manufacturers that evaluated flesh sensing technology for its possible use in table saws; (10) petition filed with the CPSC on or about April 15, 2003, by Messrs. Gass, Fanning, and Fulmer, et. al. which sought to have the CPSC require performance standards for a system to reduce or prevent injuries from contact with the blade of a table saw; (11) analyses concerning the feasibility and/or cost of incorporating flesh detection technology and/or riving knives into table saws;  (12) investigations, studies, or reviews into table saw safety; and (13) efforts by the PTI to prevent the CSCPC from implementing new rules requiring the incorporation of flesh detection technology; and (14) efforts by PTI to oppose possible California legislation that would require the incorporation of flesh detection technology in table saws.

Defendant anticipates seeking discovery regarding Plaintiff's alleged injuries and damages, including, but not limited to: medical records, employment history, educational background, and income verification.  Defendant also will seek discovery regarding Plaintiff's alleged alternate technology and the feasibility of such technology.  Defendant anticipates that such discovery will require depositions and other discovery of non-parties.

Maximum of 40 interrogatories by each party to any other party.  (Responses due 30 days after service unless extended by agreement of the parties).

Maximum of 40 requests for admission by each party to any other party.  (Response due 30 days after service unless extended by agreement of the parties).

The parties disagree as to the maximum number of depositions.  It is Plaintiff's position that it should be a maximum of 20 depositions by Plaintiff(s) and 20 by Defendant(s) without stipulation or leave of court.  It is Defendant's position that it should be a maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s) without stipulation or leave of court.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by  September 2, 2013

    from Defendant(s) by October 2, 2013

7

Supplementation under Rule 26(e)(2) due November 1, 2013 *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by December 16, 2013.

Other Items:  Defendant anticipates that one or more protective orders may be required for this case.  The parties will confer and attempt to agree to the terms of any such order prior to submitting a request to the Court.

## PRETRIAL MOTIONS

Plaintiff intends to file:  None anticipated at this time.

Defendant intends to file:  None anticipated at this time.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 10 days.

____ This is a non-jury case.

__X_ This is a jury case.

The parties request a pretrial conference in February 2014.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to the close of discovery.  Settlement negotiations may be enhanced by use of the following alternative dispute resolution procedure: mediation.

## EXCEPTIONS

The parties disagree as to the maximum number of depositions.  It is Plaintiff's position that it should be a maximum of 20 depositions by Plaintiff(s) and 20 by Defendant(s) without stipulation or leave of court.  It is Defendant's position that it should be a maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s) without stipulation or leave of court.

8

APPROVED WITH EXCEPTIONS

/s/John K. Chapman
Eric D. Pearson (Admitted *pro hac vice*)
Texas State Bar. No. 15690472
John Chapman (Admitted *pro hac vice*)
Texas Bar No. 24050403
**Heygood, Orr & Pearson**
2331 W. Northwest Highway
Second Floor
Dallas, Texas 75220
214-237-9001 Telephone
214-237-9002 Facsimile

And

William H. Carpenter
**Carpenter & Stout, Ltd.**
1600 University Blvd., NE, Suite A
Albuquerque, NM 87102
505-243-1336 Telephone
505-243-1339 Facsimile
*Attorneys for Plaintiff Dale Burden*

/s/Joshua D. Lee
Joshua D. Lee
**Schiff Hardin, LLP**
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
(312) 258-5649 Telephone
(312) 258-5600 Facsimile

And

Jill Berry
**Schiff Hardin, LLP**
666 Fifth Avenue
New York, NY 10103
212-745-9557 Telephone
212-753-5044 Facsimile

And

Daniel W. Lewis
**Allen, Shepherd, Lewis, Syra & Chapman, P.A.**
4801 Lang NE, Suite 200
Albuquerque, NM 87109
505-341-0110 Telephone
*Attorneys for Defendant Walter Meier (Manufacturing), Inc.*

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on the 1st day of August, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jill Berry
Email: jberry@schiffhardin.com

Joshua Lee
Email: jdlee@schiffhardin.com

Daniel Lewis
Email: dlewis@allenlawnm.com

William Carpenter
Email: bill@carpenter-law.com

                   */s/John K. Chapman*
                   John K. Chapman